UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Hon. William J. Martini |
|---|---|
| v. | Crim. No. 25-571 |
| NARIQ PETES | OPINION |

**WILLIAM J. MARTINI, U.S.D.J:**

Before the Court is Defendant Nariq Petes's pretrial motion requesting the suppression of evidence seized during the January 2, 2024 search of his residence (the "Motion"). For the reasons set forth herein, the Motion is **DENIED**.

### I. BACKGROUND

Petes is charged by indictment with Hobbs Act Robbery (18 U.S.C. §§ 1951(a), 2), conspiracy to commit the same (18 U.S.C. § 1951(a)), and using, carrying, and brandishing a firearm during and in relation to a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(ii), 2).

The indictment alleges that, on December 30, 2023, two individuals robbed a pharmacy in Livingston, New Jersey (the "Pharmacy"). The Pharmacy's surveillance footage captured two individuals, both equipped with firearms, entering the premises. Individual-2 grabbed a Pharmacy employee and pressed a firearm into his ribs, while Petes ran behind the Pharmacy counter, grabbed an employee by her hair, and held a firearm against her head. Petes and Individual-2 removed numerous prescription pharmaceuticals and fled.

On January 1, 2024, a New Jersey Superior Court Judge signed a warrant (the "Warrant") to search Petes's Newark, New Jersey apartment. State officials searched the apartment a day later, resulting in Petes's arrest and arraignment on April 3, 2024. The search yielded a host of physical and photographic evidence that Petes seeks to suppress.

### II. DISCUSSION

The Motion challenges the Warranty's validity by arguing New Jersey lacked jurisdiction to issue the Warrant in the first instance. Petes asserts, without offering any proof, that he is a Native American Indian and member of the Black Feet Tribe, thereby invalidating the Warrant insofar as it authorized a search on "Indian country" pursuant to the Major Crimes Act, 18 U.S.C. §§ 1151-1153. The Government opposes, arguing that the Major Crimes Act does not apply because the crime did not occur in Indian country and Petes has not proven that he is Indian.

The Major Crimes Act grants the federal government exclusive jurisdiction over certain offenses committed by an Indian in "Indian country." 18 U.S.C. § 1153. Indian country is defined as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States

1

Government . . .,"; (b) "all dependent Indian communities within the borders of the United States . . .,"; and (c) "all Indian allotments, the Indian titles to which have not been extinguished." 18 U.S.C. § 1151. Neither statute mentions search warrants, but the Tenth Circuit has found that state judges lack jurisdiction to issue warrants authorizing state police to search property located in Indian country. *United States v. Baker*, 894 F.2d 1144, 1146 (10th Cir. 1990); *see United States v. Patterson*, No. 21-7053, 2022 WL 17685602, at *5 (10th Cir. Dec. 15, 2022); *United States. v. Pemberton*, 94 F.4th 1130, 1136 (10th Cir. 2024).

Petes has not offered any evidence to substantiate his claim that the place of the robbery—Livingston, New Jersey—constitutes Indian country under 18 U.S.C. § 1151. Even under the Tenth Circuit's more expansive precedent, the Motion lacks merit because Petes cannot demonstrate that his rented apartment in Newark constitutes Indian country. Nor has Petes offered any evidence that he is an Indian. It cannot be said, therefore, that the State of New Jersey lacked jurisdiction to issue the Warrant.

For these reasons, the Motion is **DENIED**. An appropriate order follows.

Date: September 29, 2025

WILLIAM J. MARTINI, U.S.D.J.

2